## Com. ex rel. Woods v. Sons of Italy, Grand Lodge, Inc.

*Cyrus E. Woods*, Attorney-General, for plaintiff.

*George L. Reed*, for defendant.

WICKERSHAM, J., June 30, 1930.—The learned Attorney-General of the Commonwealth of Pennsylvania suggests and gives the court to understand and be informed that Sons of Italy, Grand Lodge, Inc., is a corporation organized and existing under the laws of the State of New York, having its principal or home office at No. 231 East 14th Street, New York City; that the said Sons

of Italy, Grand Lodge, Inc., is now a corporation without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, having a lodge system with a ritualistic form of work and a representative form of government. That said Sons of Italy, Grand Lodge, Inc., is a fraternal benefit society and operating as such in the State of New York. It is also a fraternal benefit society as defined in the Act of the General Assembly of the Commonwealth of Pennsylvania approved May 20, 1921, P. L. 916. That said Sons of Italy, Grand Lodge, Inc., has organized and is now maintaining in the City of Pittsburgh in the Commonwealth of Pennsylvania certain lodges, and is in process of organizing additional lodges in the Commonwealth, the names of which will be found in paragraph 6 of the suggestion. That the persons named in paragraphs 5 and 6 have solicited membership for said Sons of Italy, Grand Lodge, Inc., in the Commonwealth of Pennsylvania, and have inserted or caused to be inserted advertisements in newspapers published in the City of Pittsburgh soliciting membership in said society. That the said Sons of Italy, Grand Lodge, Inc., is not authorized by its charter to operate as a fraternal benefit society or in any manner whatsoever outside of the State of New York in which it is incorporated; and said society has not been incorporated in the Commonwealth of Pennsylvania and has not been licensed to do business in this Commonwealth in accordance with the provisions of the said Act of 1921, or any other act or statute of this Commonwealth, and is, therefore, transacting business and operating in this Commonwealth unlawfully and in violation of the provisions of the said Act of 1921.

The said Attorney-General further suggests that a writ of *quo warranto* be issued against the said defendant so that it be and appear before this court on a day certain to show by what authority it claims to have and use in the Commonwealth of Pennsylvania the powers, rights, privileges and franchises of a corporation, or any powers, rights, privileges and franchises whatsoever, and why it should not be ousted from the use and exercise of any and all powers, rights, privileges and franchises in said Commonwealth of Pennsylvania.

Upon receipt of the suggestion of the Attorney-General, this court allowed the writ as prayed for. The defendant having failed to file its answer within the time required by law, the learned Attorney-General, on Sept. 25, 1929, filed his motion for an order on the defendant to plead, in accordance with the provisions of section 9 of the Act of June 14, 1836, P. L. 621, whereupon this court, on the same date, directed the defendant corporation to answer, plead or demur to the suggestion filed on or before Oct. 5, 1929. •

The defendant filed an answer, averring, *inter alia*, that it is not a fraternal benefit society as defined by the insurance laws of the State of New York, and that it is not a fraternal benefit society as defined in the said Act of 1921. It admits the averments in the first, second and fifth paragraphs of the suggestion; it alleges that the lodges organized in Pittsburgh were not organized by the defendant but by member of said order. It admits that it is not incorporated or licensed to do business in this Commonwealth in accordance with the provisions of said Act of 1921. It denies that it is transacting business and operating as a fraternal benefit society in the Commonwealth of Pennsylvania.

The Attorney-General omitted to file a replication, but upon cause shown, the Commonwealth was permitted to file a replication to the answer of the defendant *nunc pro tunc*.

On Feb. 26, 1930, a stipulation to try without a jury under the provisions of the Act of April 22, 1874, P. L. 109, was signed and filed of record in this

case. In accordance with said stipulation, the *quo warranto* was tried, all the judges being on the bench. Mr. Timpone, representing the defendant, moved for a continuance, which motion was opposed by the Attorney-General. The court, after deliberation, refused the continuance, whereupon Mr. Timpone stated: "Then the corporation do not appear." Thereupon testimony was taken, both oral and documentary, from which we find the following relevant

## Facts.

1. The defendant corporation was incorporated under the laws of the State of New York, a copy of the certificate of incorporation being plaintiff's Exhibit No. 2.

2. The charter of the defendant corporation was validated by the Legislature of the State of New York by an act (see chapter 217) entitled "An act to validate and continue the membership corporation known as Sons of Italy, Grand Lodge, and to define its powers and purposes."

3. The said validating act became a law April 9, 1923, with the approval of the Governor of the State of New York.

4. Under the said chapter 217 of the statute laws of the State of New York, the defendant corporation was empowered "to authorize and establish *throughout the state* subordinate branches or lodges and to grant charters to such branches or lodges and thereby make the members of such branches or lodges members of such corporation. . . ."

5. Under paragraphs 7 and 8, the following additional powers are conferred upon the defendant corporation:

"To establish, maintain, collect, raise by assessment on members, invest and disburse a mortuary fund or funds and to pay out of the same upon the death of a member as a death benefit such sums as may from time to time be determined;

"To raise such sums as may be necessary for such mortuary fund or for other purposes of the corporation by collecting the same as dues or assessing the same upon its members."

6. The defendant corporation is not authorized, under its charter, to organize lodges or transact any business in the Commonwealth of Pennsylvania.

7. The defendant corporation filed its certificate with the Secretary of the Commonwealth, as provided in the Act of June 8, 1911, P. L. 710, as appears by plaintiff's Exhibit No. 3.

8. The Sons of Italy, Grand Lodge, Inc., was at all times since its incorporation and is now a corporation without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries and not for profit, having a lodge system with ritualistic form of work and a representative form of government.

9. The defendant corporation is not registered with the Insurance Commissioner's Department, as required by the Act of May 20, 1921, P. L. 916.

10. On Aug. 18, 1929, Risveglio Lodge No. 1373 of the defendant corporation was organized in Germantown, Pennsylvania, and has initiated approximately 200 members. A copy of the charter of said lodge was offered in evidence and marked plaintiff's Exhibit No. 5.

11. Newspaper articles advertising the defendant corporation, describing its activities and soliciting membership therein, printed in Italian, were offered in evidence, together with a translation thereof, and marked plaintiff's Exhibits Nos. 6 and 7, respectively. These newspapers were published in Pittsburgh.

12. In the issue of July 19, 1929, of one of these Italian newspapers there appears on the front page a photostatic copy of a check dated July 13, 1929, for $400, showing a payment to the widow of a member of the Pittsburgh lodge of the defendant corporation, which said check was issued in New York and delivered to the widow in Pittsburgh, Pennsylvania.

## Discussion.

The only question involved in this controversy is whether or not the defendant corporation has legally been transacting business in this Commonwealth. We have found as a fact that it is not authorized under its charter to organize lodges or branches in the Commonwealth of Pennsylvania. It is, therefore, illegally transacting business in this Commonwealth.

It is quite clear to us that the defendant corporation is a fraternal benefit society as defined by the Act of May 20, 1921, P. L. 916. Section 1 of said act is so familiar that it need not be quoted here. Under section 17 of the act the defendant, as a foreign fraternal benefit society, cannot transact business in this Commonwealth without a license from the Insurance Commissioner. Such license has never been issued to the defendant corporation by the Insurance Commissioner, and, consequently, the defendant has also violated the law, in that it has transacted business in the manner set forth in our findings of fact.

It appears from the evidence adduced at the trial, and the law applied thereto, that the defendant is operating and doing business in this Commonwealth as a fraternal benefit society in violation of law, and must, therefore, be ousted from any powers, rights, privileges and franchises which it assumes to exercise in this Commonwealth.

## Conclusions of law.

1. The defendant corporation, Sons of Italy, Grand Lodge, Inc., is a fraternal benefit society within the contemplation of the Act of May 20, 1921, P. L. 916.

2. The defendant corporation, Sons of Italy, Grand Lodge, Inc., is not authorized by its charter to operate as a fraternal benefit society or in any manner whatsoever outside of the State of New York, in which it was incorporated.

3. The said Sons of Italy, Grand Lodge, Inc., has not been incorporated in or licensed to do business in accordance with the said Act of [May 20] 1921, P. L. 916, or any other act or statute of the Commonwealth of Pennsylvania, and, therefore, is transacting business and operating in this Commonwealth unlawfully and in violation of the provisions of said Act of 1921.

4. The costs of these proceedings must be paid by the defendant corporation.

## Judgment.

We adjudge the defendant corporation guilty of usurping, intruding into and unlawfully holding or exercising the franchises, privileges and powers mentioned in the writ of *quo warranto* issued in this case. We, therefore, give judgment that such defendant be ousted and altogether excluded from such franchises, privileges and powers, and that the Commonwealth recover costs from the defendant.

A formal decree will be signed on application of the Attorney-General unless exceptions are filed hereto within the time allowed by law and the rules of this court.

From Homer L. Kreider, Harrisburg, Pa.